# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| ROSEMARY LOVE et al., | ) |
| | ) |
| **Plaintiffs,** | )   Civil Action No. 00-2502 (RBW) |
| | ) |
| v. | ) |
| | ) |
| TOM VILSACK, Secretary of the | ) |
| United States Department of Agriculture, | ) |
| | ) |
| **Defendant.** | ) |

_____)

## DEFENDANT'S STATUS REPORT

Defendant submits this status report to inform the Court that the United States

Department of Agriculture (USDA) intends to announce an administrative claims process that is

being established to provide up to a total of $1.33 billion to farmers – including the named

plaintiffs and putative plaintiffs in this case and in Garcia v. Vilsack (C.A. No. 00-2445(RBW))

– who allege discrimination based on being female, or based on being Hispanic, in making or

servicing farm loans.  Participation in the process will be conditioned on the dismissal with

prejudice of the farmer's legal claims against USDA.  Commencing on October 1, 2010, USDA

plans to post in its field offices, and mail to Hispanic and female farmers, a summary notice and

a fact sheet describing the claims process.[1]  These documents provide information about the

claims process, and they state that any inquiries can be directed to a community group or a

lawyer.  USDA also plans to issue a press release; meet with stakeholders; launch a website

containing information about the claims process; and activate a call center to gather names and

_____

[1] Copies of these documents have been provided to plaintiffs' counsel and are being
lodged in chambers.

contact information from callers who are interested in receiving a claims package.[2]

The sole remaining claims in this case are the individual claims of gender discrimination brought by the named plaintiffs under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691-1691f.  In 2006, the D.C. Circuit affirmed the District Court's denial of class certification of plaintiffs' ECOA claims.  Love v. Johanns,  439 F.3d 723 (D.C. Cir. 2006).  In 2009, the D.C. Circuit affirmed the District Court's dismissal of the claims brought under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, by the female farmers in this case, and of the APA claims brought by Hispanic farmers in Garcia v. Vilsack, and remanded the cases to the District Court on the named plaintiffs' individual claims under ECOA.  Garcia v. Vilsack, 563 F.3d 519 (D.C. Cir. 2009).  In January 2010, the Supreme Court denied plaintiffs' petitions for certiorari on the APA claims in Love and Garcia.

As a result, the sole remaining claims in this case are the individual ECOA claims brought by ten named plaintiffs.  Other putative plaintiffs might also file complaints within the applicable statute of limitations, which has been tolled by order of this Court.[3]  Some or all of the named plaintiffs and putative plaintiffs may seek to participate in the Secretary's claims process, with such participation conditioned on the dismissal with prejudice of his or her legal claims against USDA.  Detailed information about the claims process will be provided following the USDA's announcement.

_____

[2] It is anticipated that USDA will also engage in further outreach efforts in the near future.

[3] As part of the claims process, USDA will, at a later date, request that the Court end the tolling of the statute of limitations.

If plaintiffs' counsel so requests, USDA will exclude from its mailing list the ten named plaintiffs in this case, as well as any other individuals identified by counsel as being represented by them.  Thus, even if Rule 4.2 of the D.C. Rules of Professional Conduct were implicated, the USDA's mailing of the summary notice and the fact sheet complies with its provisions.  Rule 4.2 ("Communication Between Lawyer and Person Represented By Counsel") states as follows:

> During the course of representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a person known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other person or is authorized by law or a court order to do so.

By its terms, Rule 4.2 applies only to those contacts with a person known to be represented.

Dated: September 23, 2010

Respectfully Submitted:

TONY WEST
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

MICHAEL SITCOV
Assistant Branch Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA 550339)
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov