**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ROSEMARY LOVE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 00-2502 (RBW/JMF)** |
| | ) | |
| **MICHAEL YOUNG, Acting Secretary Of U. S. Department of Agriculture,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES, COSTS, AND EXPENSES**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

ARGUMENT ................................................................................................................................. 7

   I.    AS A CONDITION OF PARTICIPATION IN THE ADR PROGRAM, PLAINTIFFS
       WAIVED THE RIGHT TO OBTAIN ANY FEES FROM THE GOVERNMENT. ........... 5

   II.   BECAUSE THIS IS NOT A SUCCESSFUL ACTION UNDER ECOA, PLAINTIFFS
       ARE NOT ELIGIBLE FOR ATTORNEY'S FEES AND COSTS. ................................... 5

      A.  Under Buckhannon, USDA's Unilateral Decision to Develop the ADR Program Does
          Not Render Plaintiffs Prevailing Parties. .......................................................................... 7

      B.  The Court's Orders Maintaining the Status Quo Pending the Development of the ADR
          Program Do Not Render Plaintiffs Prevailing Parties........................................................ 7

   II.   PLAINTIFFS ARE NOT ELIGIBLE FOR ATTORNEY FEES UNDER THE
       COMMON-FUND DOCTRINE.................................................................................... 11

      A.  Sovereign Immunity Bars Plaintiffs' Request for Fees. .................................................. 14

      B.  Because Plaintiffs Are Unsuccessful Parties, the Common-Fund Doctrine Does Not
          Apply................................................................................................................................ 14

      C.  Because No Class Was Certified and No Fund was Created, the Common-Fund
          Doctrine Does Not Apply. ............................................................................................... 14

CONCLUSION............................................................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**

*Am. Lands All. v. Norton,*
  525 F. Supp. 2d 135 (D.D.C. 2007) ..................................................................................... 8

*American Pipe Constr. Co. v. Utah,*
  414 U.S. 538 (1974) ........................................................................................................... 12

*Anderson v. United Finance Co.,*
  666 F.2d 1274 (9th Cir. 1982) ............................................................................................. 8

*Aulenback, Inc. v. Federal Highway Admin.,*
  103 F.3d 156 (D.C. Cir. 1997) ............................................................................................. 7

*Autor v. Pritzker,*
  843 F.3d 994 (D.C. Cir. 2016) ........................................................................................... 12

*Bebchick v. Washington MATC,*
  805 F.2d 396 (D.C. Cir. 1986) ........................................................................................... 15

*Boeing Co. v. Van Gemert,*
  444 U.S. 472 (1980) ........................................................................................................... 14

*Buckhannon Board & Care Home v. West Virginia Dep't of HHR,*
  532 U.S. 598 (2001) ........................................................................................................... 10

*Cactus Canyon v. Fed. Mine Safety & Health Review Comm'n,*
  820 F.3d 12 (D.C. Cir. 2016) ............................................................................................. 10

*Campaign for Responsible Transplantation v. FDA,*
  511 F.3d 187 (D.C. Cir. 2007) ..................................................................................... 12, 13

*Cantu v. United States,*
  908 F. Supp. 2d 146 (D.D.C. 2012) ..................................................................................... 3

*Cantu v. United States,*
  565 F. App'x 7 (D.C. Cir. 2014) .......................................................................................... 3

*Cantu v. United States,*
  No. 1:11-cv-00541-RBW (D.D.C.) (filed March 15, 2011) ............................................. 3, 5

*Consol. Edison Co. v. Bodman,*
  445 F.3d 438 (D.C. Cir. 2006) ................................................................................. 10, 14, 17

*Coulibaly v. J.P. Morgan Chase, C.A.*,
   No. DKC 10-3517, 2012 WL 3985285 (D. Md. Sept. 7, 2012) ................................................. 8

*CRST Van Expedited, Inc. v. EEOC*,
   136 S. Ct. 1642 (2016) ....................................................................................................... 12

*District of Columbia v. Straus*,
   607 F. Supp.2d 180 (D.D.C. 2009) .................................................................................... 10

*Envtl. Def. Fund, Inc. v. EPA*,
   716 F.2d 915 (D.C. Cir. 1983) ............................................................................................ 9

*Garcia v. Johanns*,
   444 F.3d 625 (D.C. Cir. 2006) ............................................................................................ 2

*Garcia v. Vilsack*,
   563 F.3d 519 (D.C. Cir. 2009) ........................................................................................ 2, 9

*Garcia v. Vilsack*,
   130 S. Ct. 1138 (2010) ..................................................................................................... 1, 9

*Garcia v. Vilsack*,
   No. 1:00-cv-02445-RBW (D.D.C.) (filed Oct. 13, 2000) ................................................. 2, 5, 9

*Guttenberg v. Emery*,
   68 F. Supp. 3d 184 (D.D.C. 2014) ................................................................................. 10, 11

*Hensley v. Eckhart*,
   461 U.S. 424 (1983) ........................................................................................................... 8

*Hewitt v. Helms*,
   482 U.S. 755 (1987) ........................................................................................................... 8

*In re Black Farmers Discrimination Litig.*,
   953 F. Supp. 2d 82 (D.D.C. 2013) ................................................................................... 18

*In re Long-Distance Tel. Serv. Litig.*,
   901 F. Supp. 2d 1 (D.D.C. 2012), *aff'd*, 751 F.3d 629 (D.C. Cir. 2014) ......................... 10, 17

*Keepseagle v. Vilsack*,
   102 F. Supp. 3d 306 (D.D.C. 2015) ................................................................................. 18

*Kifafi v. Hilton Hotels Ret. Plan*,
   999 F. Supp. 2d 88 (D.D.C. 2013) ................................................................................ 8, 17

*Lane v. Peña*,
  518 U.S. 187 (1996) ........................................................................................... 14

*Lindell v. Landis Corp. 401(K) Plan*,
  640 F. Supp. 2d 11 (D.D.C. 2009) ...................................................................... 7

*Love v. Johanns*,
  439 F.3d 723 (D.C. Cir. 2006) ........................................................................ 2, 9

*Nat'l Treasury Emps. Union v. Nixon*,
  521 F.2d 317 (D.C. Cir. 1975) ............................................................... 14, 15, 17

*SecurityPoint Holdings, Inc. v. TSA*,
  836 F.3d 32 (D.C. Cir. 2016) ........................................................................ 8, 11

*Suess v. FDIC*,
  770 F. Supp. 2d 32 (D.D.C. 2011) ................................................................ 15, 16

*Summers v. DOJ*,
  477 F. Supp. 2d 56 (D.D.C. 2007) ...................................................................... 13

*Swedish Hosp. Corp. v. Shalala*,
  1 F.3d 1261 (D.C. Cir. 1993) ................................................................ 14, 15, 16, 17

*Texas v. United States*,
  49 F. Supp. 3d 27 (D.D.C. 2014) ......................................................................... 11

*Thomas v. Peyser*,
  118 F.2d 369 (D.C. Cir. 1941) ...................................................................... 15, 16

*Wash. All. of Tech. Workers v. DHS*,
  C.A. No. 14-529 (ESH), 2016 WL 4186911 (D.D.C. Aug. 8, 2016) ...................................... 11

*Wells v. Allstate Ins. Co.*,
  557 F. Supp. 2d 1 (D.D.C. 2008) ......................................................................... 17

*Oil, Chemial & Atomic Workers Union v. Dep't of Energy*,
  288 F.3d 452 (D.C. Cir. 2002) ............................................................................. 13

*Winston & Strawn LLP v. FDIC*,
  894 F. Supp. 2d 115 (D.D.C. 2012) ................................................................ 15, 16, 17, 18

## Statutes

5 U.S.C. § 701 ................................................................................................................................... 2

5 U.S.C. § 702 ................................................................................................................................... 2

5 U.S.C. § 703 ................................................................................................................................... 2

5 U.S.C. § 704 ................................................................................................................................... 2

5 U.S.C. § 705 ................................................................................................................................... 2

5 U.S.C. § 706 ................................................................................................................................... 2

15 U.S.C. § 1691 ............................................................................................................................... 1

15 U.S.C. § 1691a .............................................................................................................................. 1

15 U.S.C. § 1691b .............................................................................................................................. 1

15 U.S.C. § 1691c .............................................................................................................................. 1

15 U.S.C. § 1691d .............................................................................................................................. 1

15 U.S.C. § 1691e ........................................................................................................................... 1, 7

15 U.S.C. § 1691f .............................................................................................................................. 1

16 U.S.C. § 1540 ............................................................................................................................... 8

28 U.S.C. § 2414 ............................................................................................................................. 17

31 U.S.C. § 1304 ............................................................................................................................. 17

Open Government Act of 2007,
   Pub. L. No. 110-175, 121 Stat. 2524 (2007) ............................................................................. 13

## Rules

Fed. R. Civ. P. 25(d) .......................................................................................................................... 1

## Other Authorities

Moore's Federal Practice (3d ed. 2013) ............................................................................................ 16

**INTRODUCTION**

Pursuant to the Court's order of November 14, 2016 (ECF No. 269), defendant the United States Department of Agriculture ("USDA")[1] hereby submits this supplemental memorandum in opposition to Plaintiffs' Motion for an Award of Fees, Costs, and Expenses ("Pls.' Fee Mot.") (ECF No. 198).

Notwithstanding that they already waived any right to obtain attorney's fees from the government as a condition of participating in the voluntary alternative dispute resolution ("ADR") program for female and Hispanic farmers, plaintiffs seek approximately $14.2 million in attorney's fees, plus costs and expenses.  Plaintiffs, however, are not eligible to receive any fees—either pursuant to the governing statute, the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691-1691f ("ECOA"), or under the common-fund doctrine.  As a threshold matter, plaintiffs cannot identify any waiver of sovereign immunity that would permit the federal government to issue a fee award.  ECOA authorizes an award of attorney fees and costs only in a "successful action" under the statute.  See 15 U.S.C. § 1691e(d).  Because plaintiffs did not obtain damages or equitable or declaratory relief under ECOA, this is not a successful action under ECOA.  Neither the government's unilateral decision to develop the ADR program as a voluntary alternative to litigation for female and Hispanic farmers, nor the Court's procedural orders that maintained the status quo while the government developed the program amount to a court-ordered change in the legal relationship of the parties.  As a result, plaintiffs are not eligible for an award of attorney's fees and costs from USDA under ECOA.

---

[1] Michael Young, acting Secretary of USDA, has been substituted for Tom Vilsack pursuant to Fed. R. Civ. P. 25(d).

The common-fund doctrine likewise does not authorize a payment of attorney's fees with government funds in the circumstances present here.  In addition to the sovereign-immunity bar to such payments, plaintiffs do not satisfy the fundamental prerequisite warranting application of the doctrine: achieving success on the merits of their claims.  The common-fund doctrine is wholly inapposite here for the additional reason that there was no common fund created for the benefit of plaintiffs.  The ADR program involved individualized adjudications and individual payments to successful claimants via the Judgment Fund, which is not a fund created by a party, but rather a statutorily-created method of paying certain judgments in cases against the government.

For these reasons, Plaintiffs' Fee Motion should be denied.

## **BACKGROUND**

In 2000, a group of female farmers brought this case against USDA, asserting claims under ECOA and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA") individually and on behalf of a class.  At the same time, a group of Hispanic farmers brought a similar case against USDA.  Garcia v. Vilsack, No. 1:00-cv-02445-RBW (D.D.C.) (filed Oct. 13, 2000).  In 2006, the D.C. Circuit affirmed the denial of class certification for the ECOA claims in both cases.  Love v. Johanns, 439 F.3d 723 (D.C. Cir. 2006); Garcia v. Johanns, 444 F.3d 625 (D.C. Cir. 2006).  The D.C. Circuit later affirmed the dismissal of the APA claims in both cases, remanding these cases to the District Court for disposition of the named plaintiffs' individual ECOA claims.  Garcia v. Vilsack, 563 F.3d 519 (D.C. Cir. 2009).

2

In 2010, after the Supreme Court denied petitions for certiorari on the APA claims in both cases, 130 S. Ct. 1138 (Mem.) (2010), USDA announced that the government would establish the ADR program as a voluntary alternative to litigation for participating female and Hispanic farmers. See Sept. 23, 2010 Status Report (ECF No. 112). In 2012, plaintiffs in this case added several claims, individually and on behalf of a class of female farmers, challenging the terms of the ADR program ("ADR claims").[2] See Fourth Am. & Suppl.Compl., Counts III-VI (ECF No. 160). On December 11, 2012, this Court dismissed the ADR claims for lack of subject-matter jurisdiction. ECF No. 175.[3] Plaintiffs did not pursue an appeal.

The Framework establishing the voluntary ADR program expressly provides that "[n]o attorneys' fees will be paid to claimants or their counsel by USDA or the Department of Justice, or any other agency or department of the United States." Framework, Section XI (ECF No. 155-1). In 2013, eight of the ten plaintiffs elected to participate in the ADR program in lieu of this litigation. See Pls.' Notice dated May 6, 2013 (ECF No. 187) at 2. The other two plaintiffs elected not to proceed with this litigation. Id. at 3; see also USDA's Notice Regarding Venue (ECF No. 196). Each participating plaintiff filed a Stipulation pursuant to Rule 41(a)(1)(A)(ii), dismissing all of her claims in this case with prejudice. See, e.g., Stipulation of Joyce A. King (ECF No. 207). Each of these plaintiffs subsequently received a cash award and other relief

---

[2] Several Garcia plaintiffs brought a separate action asserting similar claims individually and on behalf of a class of Hispanic farmers. Cantu v. United States, No. 1:11-cv-00541-RBW (D.D.C.) (filed March 15, 2011).

[3] On the same date, the Court dismissed Cantu for lack of subject-matter jurisdiction. Cantu v. United States, 908 F. Supp. 2d 146 (D.D.C. 2012). The D.C. Circuit reversed and remanded for further proceedings. Cantu v. United States, 565 F. App'x 7 (D.C. Cir. 2014).

3

under the ADR program, as did 40 other female farmers represented by Arent Fox.  Each award was paid individually via the Judgment Fund.[4]  Under the Framework for the ADR program, Arent Fox collected attorney fees directly from each of these successful claimants via a specified portion of the cash award.  See Decl. of Marc. L. Fleischaker dated Oct. 10, 2013 ("Fleischaker Decl.") (ECF No. 198-4), ¶ 38; Supplemental Decl. of Marc L. Fleischaker dated Jan. 13, 2017 ("Supp. Fleischaker Decl."), ¶ 16 (ECF No. 272-1).

Plaintiffs filed the Fee Motion on October 10, 2013, seeking tens of millions of dollars in attorney's fees (ECF No. 198).[5]  On October 24, 2013, the Court granted USDA's Unopposed Motion for a Briefing Schedule (ECF No. 204), limiting further briefing on the Fee Motion to the question of plaintiffs' eligibility for fees, costs, and expenses.  Oct. 24, 2013 Minute Order.[6] USDA filed Defendant's Opposition to Plaintiffs' Motion for an Award of Fees, Costs and Expenses on November 19, 2013 (ECF No. 205).  Plaintiffs filed a Reply Memorandum ("Pls.' Reply Fee Mem.") on December 20, 2013 (ECF No. 215).  After plaintiffs moved to reinstate the ADR claims in 2014, see ECF Nos. 223, 230, the Court deferred ruling on the Fee Motion.  On

---

[4] USDA reports that the ADR program has been completed.  For the remaining claims that required the submission of additional documentation, see April 4, 2016 Status Report (ECF No. 266), cash awards have been paid to each claimant who submitted such documentation.

[5] Plaintiffs initially sought "6% of $1.49 billion, multiplied by the percentage of claims filed by women farmers" (as opposed to non-female Hispanic farmers) in the ADR program.  See Pls.' Supp. Fee Mem. at 5 (ECF No. 272).

[6] The Court's order further stated: "If the Court determines that the plaintiffs are eligible for an award of attorneys' fees, costs, and/or expenses, the parties will propose a schedule for briefing on the issue of the amount to which the plaintiffs are entitled." Id.  Consistent with the Court's order, USDA reserves the right to address the amount of any fees to which plaintiffs may be entitled, if necessary, at a later date.

April 23, 2015, the Court granted USDA's motion to end the tolling of the statute of limitations in this case (ECF No. 241) and in Garcia.[7]

On November 14, 2016, the Court dismissed all of plaintiffs' remaining claims in this action, denied plaintiffs' motion to reinstate the ADR claims, and allowed the parties to file supplemental briefing on the Fee Motion. ECF No. 269 at 13. On January 13, 2017, plaintiffs filed an Amendment and Supplement to Motion for an Award of Fees, Costs, and Expenses ("Pls.' Supp. Fee Mem.") (ECF No. 272), along with additional time records, information regarding hourly rates, and the Supplemental Fleischaker Declaration, seeking up to $14.2 million in attorney fees, plus approximately $400,000 in costs and expenses. See Pls.' Supp. Fee Memo. at 8, 14; Pls.' Proposed Order (ECF No. 272-9).

<u>ARGUMENT</u>

**I.      AS A CONDITION OF PARTICIPATION IN THE ADR PROGRAM, PLAINTIFFS WAIVED THE RIGHT TO OBTAIN ANY FEES FROM THE GOVERNMENT.**

Plaintiffs seek millions of dollars in attorney's fees and expenses from USDA, notwithstanding that they waived their right to seek any fees from the government as a condition of participation in the ADR program. As noted above, the Framework establishing the program expressly provides that "[n]o attorneys' fees will be paid to claimants or their counsel by USDA or the Department of Justice, or any other agency or department of the United States." Framework, Section XI. The Framework further provides that "[a]ny attorneys' fees must be

---

[7] Garcia was closed on February 16, 2016. Garcia, ECF No. 373. On March 1, 2016, the District Court dismissed Cantu on remand, and the plaintiffs declined to appeal. Cantu, ECF No. 77. In those cases, the plaintiffs did not request attorney's fees.

5

paid directly by the claimant," id., with a specific dollar limit imposed on fees paid out of the cash award.[8]  Thus, when each plaintiff or other farmer represented by Arent Fox participated in the ADR program in lieu of this litigation, see Pls.' Notice dated May 6, 2013 (ECF No. 187) at 2, that claimant executed a Settlement Agreement (which was also signed by Arent Fox as the claimant's counsel), stating that the claimant would not seek payment "of any compensation or damages, attorneys' fees, costs or expenses beyond that which is available" under the Framework, and that the claimant and her representatives released and discharged the government "from any credit-discrimination claims, whether known or unknown, suspected or unsuspected, for compensation or damages, attorneys' fees, expenses or costs incurred." Settlement Agreement, a copy of which is attached hereto as Exhibit A, ¶¶ 2, 3.[9]  Before plaintiffs executed the Settlement Agreements, the Court dismissed plaintiffs' claims challenging the scope of the release and the provisions of the Framework limiting attorney fees.  See Fourth Am. & Suppl. Compl. ¶¶ 95, 97, 132, 133 (ECF No. 160); Dec. 11, 2012 Order (ECF No. 175) (dismissing the ADR claims).  The Court subsequently denied plaintiffs' motion to reinstate those claims.  Nov. 14, 2016 Order (ECF No. 269).

Arent Fox assisted eight plaintiffs and 40 other female farmers who successfully participated in the ADR program, each of whom received a cash award and other relief.  In accordance with the ADR Framework and the Settlement Agreements, Arent Fox collected

---

[8] Fees paid out of the cash award shall not exceed $1,500 per claimant for Tier 2 or Tier 1(a), and shall not exceed 8% of the Tier 1(b) cash award.  Framework, Section XI.

[9] The Settlement Agreement also provides that its terms "constitute the entire agreement of the Parties with respect to compensation or damages, attorneys' fees, expenses and costs. Id. ¶ 4.

6

attorney fees directly from each of these successful claimants via a portion of the cash award. See Fleischaker Decl. (ECF No. 198-4) ¶ 38; Suppl. Fleischaker Decl. (ECF No. 272-1) ¶¶15, 16.

Therefore, neither plaintiffs nor their attorneys are eligible to receive any additional payments.  "Claims that have been resolved by earlier settlement agreements, and therefore present no ongoing controversy, are moot."  Lindell v. Landis Corp. 401(K) Plan, 640 F. Supp. 2d 11, 14 (D.D.C. 2009); see also Aulenback, Inc. v. Federal Highway Admin., 103 F.3d 156, 161 (D.C. Cir. 1997) ("The general rule . . . is that complete settlement moots an action.").  Given plaintiffs' waiver of their rights to obtain additional fees from the government, this Court lacks jurisdiction to grant their motion.

**II.     BECAUSE THIS IS NOT A SUCCESSFUL ACTION UNDER ECOA, PLAINTIFFS ARE NOT ELIGIBLE FOR ATTORNEY'S FEES AND COSTS.**

> **A.     Under Buckhannon, USDA's Unilateral Decision to Develop the ADR Program Does Not Render Plaintiffs Prevailing Parties.**

Plaintiffs, having unsuccessfully asserted claims against USDA under ECOA, seek attorney's fees and costs from USDA under that statute's fee-shifting provision.  ECOA authorizes an award of attorney's fees and costs to a plaintiff only in a "successful action under subsection (a), (b), or (c)" of ECOA.[10]  15 U.S.C. § 1691e(d).  In other words, a plaintiff who asserts a claim under ECOA is not entitled to recover fees and costs from the defendant unless the action is "successful" under these subsections of ECOA, "whether the success lies in obtaining actual or punitive damages, or injunctive and declaratory relief."  See Anderson v.

---

[10] Subpart (b) of ECOA does not apply to claims against the government.

United Finance Co., 666 F.2d 1274, 1278 (9th Cir. 1982).  Thus, where none of these categories of relief is awarded, the plaintiff is not eligible for fees and costs under ECOA.  See Coulibaly v. J.P. Morgan Chase, C.A. No. DKC 10-3517, 2012 WL 3985285, *9 n.9 (D. Md. Sept. 7, 2012).

Because plaintiffs did not obtain actual damages from USDA under subpart (a) of ECOA, or equitable and declaratory relief under subsection (c), this action has not been "successful" under these provisions.  Parties are not considered to be prevailing parties under a fee-shifting statute unless they "succeed on any significant issue[s] in [the] litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley v. Eckhart, 461 U.S. 424, 433 (1983).[11] To qualify as a prevailing party, a plaintiff must obtain a judicially-sanctioned order requiring some action (or cessation of action) by the defendant, and must receive at least some relief on the merits of his claim.  See Hewitt v. Helms, 482 U.S. 755, 760, 761 (1987).[12]  Under the three-part test applied in this Circuit, (1) there must be a court-ordered change in the legal relationship of the parties, (2) the judgment must be in favor of the party seeking the fees, *and* (3) the judicial pronouncement must be accompanied by judicial relief.  See SecurityPoint Holdings, Inc. v. TSA, 836 F.3d 32, 36 (D.C. Cir. 2016).

---

[11] The general rule established by the Supreme Court is that similar language among the various fee-shifting statutes are to be construed alike.  See Hensley, 461 U.S. at 433 n.7 (the standards "set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'").

[12] Cases interpreting the Endangered Species Act, 16 U.S.C. § 1540(g)(4), are distinguishable, because that statute allows an award of fees to any party whenever the court determines that such an award is appropriate.  See Kifafi v. Hilton Hotels Ret. Plan, 999 F. Supp. 2d 88, 96 (D.D.C. 2013) (discussing Am. Lands All. v. Norton, 525 F. Supp. 2d 135, 142-43 & n.5 (D.D.C. 2007)).

Here, plaintiffs are not eligible to recover attorney's fees and costs under ECOA, because they did not receive any relief on the merits as to their ECOA claims.[13]  On each contested issue, the rulings in this case have been in favor of USDA.  The D.C. Circuit affirmed the denial of class certification for the ECOA claims in 2006, see Love v. Johanns, 439 F.3d at 733, and affirmed the dismissal of the APA claims in 2009.  See Garcia v. Vilsack, 563 F.3d at 527.  The Supreme Court denied plaintiffs' petitions for certiorari on the APA claims in 2010.  130 S. Ct. at 1138. After USDA developed the ADR program, this Court dismissed the ADR claims in 2012 (ECF No. 175), and dismissed all of plaintiffs' remaining claims in this action and denied their motion to reinstate the ADR claims in 2016.  See ECF No. 269 at 13.

The government's decision in 2010 to establish the ADR program as a voluntary alternative to litigation by female and Hispanic farmers was unilateral, rather than being the result of any court order, and the ADR program thus does not constitute a court-ordered change in the legal relationship of the parties.  Indeed, after USDA informed the Court of this development, the Court determined that it lacked authority to "supervise" the ADR program, to compel USDA to revise the terms of the program, or to appoint plaintiffs' counsel as "lead counsel" in this case.  See Dec. 3, 2010 Order (ECF No. 119); Dec. 11, 2012 Mem. Op. at 7-9 (ECF No. 176); Nov. 14, 2016 Order at 4, 5 (ECF No. 269); see also Garcia order dated October 20, 2010 (Garcia, ECF No. 187) at 4-5.

---

[13] Plaintiffs did not receive any relief on their APA claims, and they do not seek fees and costs from USDA under EAJA.  See Pls.' Supp. Fee Memo. at 9.  Because ECOA contains a fee-shifting provision, EAJA does not apply to any aspect of the Fee Motion (including plaintiffs' request for expenses).  See Envtl. Def. Fund, Inc. v. EPA, 716 F.2d 915, 919 (D.C. Cir. 1983).

In seeking attorney's fees and costs under ECOA, plaintiffs contend that the filing of this case and Garcia served as catalysts for the government to develop the ADR program. However, plaintiffs' position is precluded by Buckhannon Board & Care Home v. West Virginia Dep't of HHR, 532 U.S. 598 (2001), in which the Supreme Court "rejected the 'catalyst theory,'" by which a plaintiff could be found to prevail "if [the] defendant changed its conduct in response to a pending law suit." Consol. Edison Co. v. Bodman, 445 F.3d 438, 447 (D.C. Cir. 2006); see also District of Columbia v. Straus, 607 F. Supp.2d 180, 183 (D.D.C. 2009); Cactus Canyon v. Fed. Mine Safety & Health Review Comm'n, 820 F.3d 12, 15-16 (D.C. Cir. 2016). Under Buckhannon, a plaintiff is not a prevailing party "where the defendant *voluntarily* changes his conduct," because this outcome lacks the necessary judicial imprimatur on the change. Guttenberg v. Emery, 68 F. Supp. 3d 184, 191 (D.D.C. 2014) (citing Buckhannon, 532 U.S. at 605) (emphasis in original).

Absent that imprimatur, the efforts of plaintiffs to "catalyze" a defendant federal agency "to change positions . . . do not qualify them as prevailing parties under the principles of Buckhannon." In re Long-Distance Tel. Serv. Litig., 901 F. Supp. 2d 1, 11 (D.D.C. 2012), *aff'd*, 751 F.3d 629, 634-35 (D.C. Cir. 2014). A defendant's voluntary change in conduct, "although perhaps accomplishing what the plaintiffs sought to achieve by the lawsuit," does not establish prevailing-party status. Straus, 607 F. Supp.2d at 183 (quoting Buckhannon, 532 U.S. at 601-02). See also Consol. Edison, 445 F.3d at 444-45, 447 (denying prevailing party status where an agency responded favorably to a plaintiff's comments in an administrative proceeding by increasing the amount of funds released). Accordingly, under binding Circuit and Supreme Court precedent, the government's unilateral decision to develop the ADR program does not

10

render plaintiffs prevailing parties.

**B.      The Court's Orders Maintaining the Status Quo Pending the Development of the ADR Program Do Not Render Plaintiffs Prevailing Parties.**

In contending that they qualify as prevailing parties, plaintiffs misconstrue several cases applying Buckhannon.  See Pls.' Supp. Fee Mem. at 9-12.  Although Texas v. United States, 49 F. Supp. 3d 27 (D.D.C. 2014), *aff'd*, 798 F.3d 1108 (D.C. Cir. 2015), recognized that prevailing-party status under Buckhannon is not necessarily limited solely to cases where the plaintiff has obtained a final judgment on the merits or a court-ordered consent decree, see Guttenberg v. Emery, 68 F. Supp. 3d at 192, Texas "did not throw open the prevailing-party door to all comers."  Id. (citing Texas).  On the contrary, even "the D.C. Circuit's more expansive prevailing-party umbrella" requires a "judicial pronouncement accompanied by judicial relief," a "key ingredient" wholly absent here.  Id. at 192-93.

Here, the opportunity of farmers to present administrative claims to USDA was due to the government's unilateral decision to establish the ADR program, rather than any court order. Moreover, the ADR Framework requires that each claimant meet specified criteria in order to receive a cash award and other relief, rather than ensuring success on all ADR claims.  The instant case thus stands in stark contrast to Washington Alliance of Technology Workers v. DHS, C.A. No. 14-529 (ESH), 2016 WL 4186911 (D.D.C. Aug. 8, 2016), *appeal docketed* (D.C. Cir. Aug. 17, 2016), a case relied on by plaintiffs.  In that case, the plaintiffs were deemed prevailing parties where the court vacated an agency rule that they challenged.  Plaintiffs' reliance on SecurityPoint Holdings, Inc. v. TSA, 836 F.3d 32 (D.C. Cir. 2016), is likewise misplaced.  While acknowledging that a remand to an agency or a trial court generally will not justify a fee award, the D.C. Circuit stated that fees may be available "where a remand is structured 'such that a

11

substantive victory [would] obviously follow.'" Autor v. Pritzker, 843 F.3d 994, 997 (D.C. Cir.

2016) (distinguishing SecurityPoint).  Plaintiffs cite no analogous judicial pronouncement here.[14]

The Court's issuance of orders tolling the statute of limitations under ECOA during the

period while the government developed the ADR program does not constitute a court-ordered

change in the legal relationship of the parties. Under the equitable-tolling doctrine, plaintiffs'

filing of the initial Complaint on behalf of a putative class tolled the statute of limitations under

ECOA as to all class members who would have been parties had the suit been permitted to

continue as a class action.  See American Pipe Constr. Co. v. Utah, 414 U.S. 538, 554 (1974).

When the Court denied Plaintiffs' Motion to Certify a Class in 2004, the tolling was extended so

that the plaintiffs could appeal that ruling.  After USDA announced that the government would

develop the ADR program as a voluntary alternative to litigation, the tolling was extended (with

the parties' assent) to allow time for the program to be developed.

Rather than providing plaintiffs with any relief on the merits, these procedural orders

maintained the status quo with respect to the putative plaintiffs.  An order that merely

"facilitate[s] the litigation process," rather than granting relief on the merits, does not render the

plaintiff a prevailing party.  See Campaign for Responsible Transplantation v. FDA, 511 F.3d

187, 196 (D.C. Cir. 2007).  For example, in that case, where the plaintiff sought the release of

documents under the Freedom of Information Act ("FOIA"), and the court merely ordered the

---

[14] CRST Van Expedited, Inc. v. EEOC, 136 S. Ct. 1642 (2016), relied on by plaintiffs, see Pls.' Suppl. Fee Memo. at 10-11, does not support their position.  While Buckhannon addressed a plaintiff's fee request, CRST involved a defendant's fee request after claims against it were dismissed.  136 S. Ct. at 1646.  As the court noted, because plaintiffs and defendants "come to court with different objectives," application of the prevailing-party standards to a defendant seeking fees differs in some respects.  Id. at 1651.

defendant to submit an adequate index of responsive documents, the court concluded that the plaintiff was not a "prevailing party sufficient to support a claim for attorney's fees." Id. at 195-96.

Similarly, in the present case, the Court's orders directing USDA to file several status reports during the period when the Government was developing the ADR program do not constitute a court-ordered change in the legal relationship of the parties. Because these orders do not rule on the merits of the plaintiffs' claims or provide plaintiffs with the relief they sought in the Complaint, these orders do not render plaintiffs prevailing parties. For example, in Oil, Chemical & Atomic Workers Union v. Department of Energy ("OCAW"), 288 F.3d 452 (D.C. Cir. 2002), a FOIA case, the court determined that the plaintiff was not entitled to fees where the court issued scheduling orders directing the parties to file status reports, and the parties then reached a settlement that resulted in the production of some records by the defendant. Id. at 457-59; see also Summers v. DOJ, 477 F. Supp. 2d 56, 64-66 (D.D.C. 2007) (same).[15] Here, as in OCAW and Summers, where the Court decided contested issues, it ruled in the defendant's favor. See Summers, 477 F. Supp. 2d at 65.

For each of these reasons, plaintiffs are not eligible to recover attorney's fees and costs from USDA under ECOA.

---

[15] Due to changes in FOIA's fee provision, these decisions were superseded by statute. Open Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524 (2007).

## II.   PLAINTIFFS ARE NOT ELIGIBLE FOR ATTORNEY FEES UNDER THE COMMON-FUND DOCTRINE.

### A.   Sovereign Immunity Bars Plaintiffs' Request for Fees.

As a threshold matter, this Court lacks jurisdiction to award attorney's fees and expenses to plaintiffs from the government absent an express waiver of sovereign immunity. Consol. Edison Co. v. Bodman, 445 F.3d at 446 (citing Lane v. Peña, 518 U.S. 187, 192 (1996)). "[T]he *sine qua non* of federal sovereign immunity is the federal government's *possession* of the money in question." Id. (emphasis in original). Where, as here, the funds sought by plaintiffs are in the federal government's possession, plaintiffs' claims are barred. Id.; cf. Nat'l Treasury Emps. Union v. Nixon, 521 F.2d 317, 319 (D.C. Cir. 1975)[16] (no sovereign immunity bar where claimant sought fees "from benefitted employees and not from the public treasury").

### B.   Because Plaintiffs Are Unsuccessful Parties, the Common-Fund Doctrine Does Not Apply.

Plaintiffs contend that, even if the Court finds that they are not eligible for an award of attorney's fees and costs from USDA under ECOA's fee provision, they are nonetheless entitled to such an award under the common-fund doctrine. Under that doctrine, a litigant or attorney who recovers a common fund for the benefit of persons other than himself or his client may obtain reasonable attorney's fees from the fund. See Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Swedish Hosp. Corp. v. Shalala, 1 F.3d 1261, 1265 (D.C. Cir. 1993). The rationale for the doctrine is that, unless the costs of litigation are spread to the beneficiaries of the fund, they will be unjustly enriched by the lawyer's efforts. See Swedish Hosp. Corp., 1 F.3d at 1265.

---

[16] As noted in the following footnote, the specific holding in National Treasury Employees Union as to the methodology for awarding fees under the common-fund doctrine was abrogated by Swedish Hospital.

14

The creation of a common fund from the lawyer's efforts is the "*sine qua non* to recovery" of attorney fees, Suess v. FDIC, 770 F. Supp. 2d 32, 41 (D.D.C. 2011). "In other words, the lawyer's efforts "must either cause the fund to come into creation, or, once in creation and in control of the court, her efforts must keep it from being diminished." Id.

Because plaintiffs did not receive any relief on the merits as to any of their claims in this action, the common-fund doctrine does not apply. Some form of success on the merits is the "unarticulated threshold requirement" for application of the common-fund doctrine. Winston & Strawn LLP v. FDIC, 894 F. Supp. 2d 115, 127 (D.D.C. 2012) (citations omitted); see also Bebchick v. Washington MATC, 805 F.2d 396, 402 & n.18 (D.C. Cir. 1986) (the doctrine has been applied in cases where "successful litigants" created a common fund or extended a substantial benefit to a class, and the court could exercise legitimate control over the fund); Nat'l Treasury Emps. Union v. Nixon, 521 F.2d at 319, 321 (applying the doctrine where the plaintiff union "successfully prosecuted a claim on behalf of its members" under a federal statute, and "success in the litigation" brought measurable gains to outsiders since the court's decision resulted in executive orders that adjusted pay rates for all federal employees subject to the statute); Thomas v. Peyser, 118 F.2d 369, 371 (D.C. Cir. 1941) (as the doctrine has been applied by courts, "success has been an essential condition of recovery").

For this reason, courts have rejected requests to apply the common-fund doctrine in cases where the litigant was unsuccessful. For example, in Suess v. FDIC, 770 F. Supp. 2d 32 (D.D.C. 2011), where the plaintiff's efforts on appeal were unsuccessful, the district court denied the plaintiff's request for fees for that work under the common-fund doctrine, reasoning that, if the motion were granted, "it would be the first instance in American legal history where an

15

unsuccessful litigant, one who conferred absolutely no benefit on another person or entity, was permitted to recover attorney fees from that entity." Id. at 43. Similarly, in Thomas v. Peyser, 118 F.2d 369 (D.C. Cir. 1941), where the efforts of the plaintiff to protect real estate held in receivership were unsuccessful, the D.C. Circuit affirmed the denial of the plaintiff's request for fees under the common-fund doctrine, explaining: "No case has been cited or found in which unsuccessful efforts have been rewarded." Id. at 371.

Because plaintiffs were not successful parties, the common-fund doctrine does not apply.

**C.      Because No Class Was Certified and No Fund was Created, the Common-Fund Doctrine Does Not Apply.**

Because the Court did not certify a class, plaintiffs err in contending that this is "a textbook case for application of the common fund doctrine." See Pls.' Reply Fee Mem. at 2. The common-fund doctrine "is typically applied in class actions." Winston & Strawn v. FDIC, 894 F. Supp. 2d at 124; Swedish Hosp. Corp., 1 F.3d at 1265; see also 10 Moore's Federal Practice § 54.152 (3d ed. 2013) ("The prototypical common-fund case is a class action in which a large settlement is recovered."). As discussed below, plaintiffs rely on several cases in which a settlement fund was created through the efforts of the litigant or its counsel, and the defendant agreed to pay attorney's fees or did not contest fee eligibility, such that the only disputed issue was the appropriate methodology to award fees under the common-fund doctrine, or the proper amount of such fees. See Pls.' Reply Mem. at 2-5; Pls.' Supp. Fee Mem. at 5-8. These cases are not on point, because in the present case no settlement fund was established. The government's decision to establish the ADR program was unilateral, and participation by farmers in the program was voluntary. Each cash award issued in the ADR program was paid individually by the government via the Judgment Fund, which is not a specific fund created by a party, but is

16

instead a statutorily-created method of paying certain judgments in cases against the federal government.  See 31 U.S.C. § 1304(a)(3)(A); 28 U.S.C. § 2414.

One case cited by plaintiffs, Swedish Hospital Corporation, 1 F.3d 1261 (D.C. Cir. 1993), involved "the choice between the lodestar and percentage-of-the-fund methods" in "the common fund context."  Id. at 1267, 1271 n.4.  The dispute in that case "was over the proper measure of attorneys' fees to be drawn from a formally fixed pool of money that had been drawn from the government in the course of a judicially approved settlement."  See In re Long-Distance Tel. Serv. Litig., 901 F. Supp.2d 1, 10 (D.D.C. 2012) (describing Swedish Hospital); see also Consol. Edison Co. v. Bodman, 445 F.3d 438, 447 (D.C. Cir. 2006) (the only issue in Swedish Hospital "was the computation of the fee, the entitlement having been conceded or established").[17]

In Kifafi v. Hilton Hotels Ret. Plan, 999 F. Supp. 2d 88 (D.D.C. 2013), after the court granted summary judgment in the plaintiff's favor, finding that the defendants violated a statute, the defendants did not oppose the plaintiff's request "that attorney fees be awarded as a percentage of the common fund, nor his request for expenses and an incentive award," such that the only issues were which benefits should be included in the fund and the percentage of the fund that class counsel should receive.  Id. at 94.  In Wells v. Allstate Ins. Co., 557 F. Supp. 2d 1 (D.D.C. 2008), after a class was certified, class counsel created a settlement fund and negotiated a fund from which attorney's fees would be paid.  Id. at 7.  In Winston & Strawn LLP v. FDIC, 894 F. Supp. 2d 115 (D.D.C. 2012), rather than issuing a typical award of attorney's fees at the

---

[17] Whereas the D.C. Circuit applied a lodestar approach in National Treasury Employees Union v. Nixon, 521 F.2d 317, 320-22 (D.C. Cir. 1975), the Court abrogated that decision in Swedish Hospital, 1 F.3d at 1267, instead awarding class counsel a percentage of the fund.

17

end of litigation, the court reviewed an agency's determination of reasonable fees in an administrative claims process as provided under a settlement agreement.  See id. at 125.

Similarly, in Pigford II and Keepseagle, the court determined the proper amount of attorney's fees to award to class counsel under a judicially-approved settlement agreement.  See Pls.' Reply Fee Mem. at 3-5; Pls.' Supp. Fee Mem. at 3, 7-8.  In Pigford II, the court approved a fee award after it certified a class and approved a settlement that required USDA to establish a common fund both for payment of claims to class members and for an award of attorney's fees to class counsel, based on a percentage of the fund within a specified range.  See In re Black Farmers Discrimination Litig., 953 F. Supp. 2d 82, 87 (D.D.C. 2013).  In Keepseagle, the court approved a fee award after a class was certified and class counsel reached a settlement with defendant, creating a compensation fund, with a portion to be used for attorney's fees.  Keepseagle v. Vilsack, 102 F. Supp. 3d 306, 309 (D.D.C. 2015).  Here, by contrast, no class was certified, and there is no settlement requiring USDA to pay attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, and the reasons stated in defendant's opposition and reply briefs, the Court should deny plaintiffs' motion for an award of fees, costs and expenses.

18

DATED:  February 13, 2017

                                                  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

LESLEY FARBY
Assistant Director

*/s/ Peter T. Wechsler*
PETER T. WECHSLER (MA 550339)
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel.: (202) 514-2705
Fax: (202) 616-8470
Email: peter.wechsler@usdoj.gov
  Counsel for Defendant

19